UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FT171, LLC.,

        Plaintiff,

-against-

Hershy Itzkowitz, Pearl Itzkowitz, Margaret Itzkowitz, Aryeh Zaks

        Defendants.

---

18-cv-00542 (NSR)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff, FT171, LLC commenced a post-foreclosure holdover eviction proceeding in the Town of Ramapo Justice Court on January 3, 2018, alleging that Hershy Itzkowitz, Margaret Itzkowitz, Pearl Itzkowitz, and Aryeh Zaks are in continued possession of one of his properties without his consent or permission. Defendant Hershy Itzkowitz, with the written consent of all other named Defendants, filed a notice of removal on January 22, 2018. (ECF No. 1.)

After reviewing the record, this Court determined that its subject matter jurisdiction over the present action is likely lacking and issued an Order directing Defendants to show cause, on or before February 19, 2018, why this action should not be remanded to the Town of Ramapo Justice Court. (ECF No. 5.) Defendants Hershy Itzkowitz and Aryeh Zaks subsequently submitted letters dated February 21, 2018, informing the Court that they never received the previously issued Order to show cause. (ECF Nos. 7 & 8.) Accordingly, to provide Defendants an opportunity to respond to said Order, the Court granted them an extension of time to March 15, 2018 to show cause why this action should not be remanded to state court. (ECF No. 12.) Defendant Hershy Itzkowitz submitted a response to the Order, largely reiterating the same

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2018

arguments included in the notice of removal, on March 14, 2018 (ECF No. 13.) A few days later, on March 20, 2018, Plaintiff submitted a declaration in support of remand. (ECF No. 14.)

After careful consideration of the parties' submissions, this Court finds that this matter should be remanded to the Town of Ramapo Justice Court.

A civil action initially filed in state court may be removed by the defendant to the federal district court embracing the place where the state court action is pending, so long as the district court has original subject matter jurisdiction over the plaintiff's claim. *See* 28 U.S.C. § 1441; *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994).

In cases of removal, the removing party bears the burden of establishing that all jurisdictional requirements have been met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Where subject matter jurisdiction is lacking, "the Court is obligated to decline removal and remand [the] case." *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005); *see also United Food & Commercial Workers Union, Local 919*, 30 F.3d at 301.

Here, Defendant Itzkowitz claims removal is proper because the state proceeding implicates federal questions. Specifically, Defendant contends that because Plaintiff's claims for relief are premised on their ownership of a property that Defendants argue may have been improperly purchased from a "nonexistent federal banking institution," the holdover proceeding arises under federal law. (Def.'s Resp. to Mot. to Remand ("Def.'s Resp.") ¶ 5.)  Defendant further argues that removal is also proper because Plaintiff has violated his rights under the federal Fair Housing Act, 42 U.S.C. § 3601–3631.

Defendant's arguments are unpersuasive.

Generally, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, however, "a defendant generally may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (internal quotation marks omitted).

In the present action, no violation of a federal statute or law is alleged in the holdover petition filed in state court. Indeed, the holdover eviction proceeding appears to be entirely a matter of state law. Defendants' challenges under the Fair Housing Act and ownership arguments would—at best—constitute counterclaims or defenses to the holdover proceeding. However, the fact that non-federal claims may be subject to a federal defense or counterclaim does *not* create a federal question. *See Najmiev v. Special Touch Home Care Servs., Inc.*, No.17-CV-01386 (VEC), 2017 WL 2992206, at *1 (S.D.N.Y. July 12, 2017) (citing *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011)); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) ("[W]e decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule.") This Court, therefore, does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Nor are Defendants entitled to removal on the basis of diversity jurisdiction. Where, as here, there is no federal question raised in Plaintiff's complaint, a defendant may remove an action on the basis of diversity of citizenship so long as "there is complete diversity between all named plaintiffs and all named defendants, *and no defendant is a citizen of the forum state*." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (emphasis added); *see also* 28 U.S.C. § 1441(b)(2). Because the Defendants in the present action are citizens of New York (Notice of

Removal ¶ 14) and the holdover eviction proceeding was brought in a New York state court, removal was not proper on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Finally, the Court notes that "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law." *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (internal quotation marks omitted). Thus, it is generally appropriate for a federal court to abstain from exercising jurisdiction in landlord-tenant actions. *Id.*

## CONCLUSION

As Defendant has not set forth a legal basis for removal, this action is hereby REMANDED in its entirety to the County of Rockland, Town of Ramapo Justice Court, Civil Term—Landlord Tenant Part. The Clerk of the Court is respectfully directed to close this case. The Clerk of the Court is further directed to mail a copy of this Order and Opinion to the *pro se* Defendants at the addresses listed below and file proof of service on the docket.

SO ORDERED:

Dated: March 29, 2018
      White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

**Mail to:**
Hershy Itzkowitz
47 Remsen
Monsey, NY 10952

Pearl Itzkowitz
47 Remsen Ave
Monsey NY 10952

Aryeh Zaks
18 Mountain Ave
Monsey NY 10952

Margaret Itzkowitz
47 Remsen Ave
Monsey NY 10972